**VOLVO, INC., Plaintiff-Appellant,**

v.

**CUMMINGS & SANDER, INC.,**
**Defendant-Appellee.**

**No. 24198.**

United States Court of Appeals,
Ninth Circuit.

Jan. 8, 1971.

Ralph M. Watson (argued), George P. Hoare, Jr., Shearman & Sterling, New York City, Paul, Hastings, Janofsky & Walker, Los Angeles, Cal., for plaintiff-appellant.

William Poms (argued), of Miketta, Glenny, Poms & Smith, Los Angeles, Cal., for defendant-appellee.

Before CARTER, KILKENNY and TRASK, Circuit Judges.

PER CURIAM:

Appellant brought an action against appellee for infringement of its patent 2,710,649 [GRISWOLD]—"Combination Shoulder and Lap Safety Belts." The district court held that the patent in suit was invalid under 35 U.S.C. § 103 as to claims 1, 2, 3, 4, 5, 7 and 8, contained therein, because "the differences between the subject matter of such claims and the prior art are such that the subject matter as a whole of such claims would have been obvious to a person having ordinary skill in the art prior to February 19, 1951, the date of filing of the application of the patent in suit." The court further held that, even if the patent were valid, it was not infringed by appellee's "Lifeline," "Chrysler," or "Police" model belts. The court did find, however, that appellee's "Tulareloft 500" model belt would infringe the patent in suit *if* the claims were valid.

Appellant appeals from the court's holding that claims 1, 2, 3, 4, 5, 7 and 8 of its patent are invalid. It pursues its infringement charges only against appellee's "Tulareloft" model. We affirm the district court.

*Discussion*

Appellant asserted at the trial, and the trial court agreed, that claims 2, 3, 4, 5, 7 and 8 are subsidiary to claim 1. As set forth in Admitted Fact No. 8 in the pretrial conference order, the element or elements stated in each of claims 1, 3, 4 and 7 of the patent in suit, upon which appellant relied during the trial of the case as new and novel, was a "common intersection" for the shoulder and lap elements of a three point combination safety belt, said intersection lo-

cated toward the side of the wearer that is opposite the shoulder over which the shoulder belt passes. Actually, the "common intersection" is referred to in claim 1, and each of claims 2, 3, 4, 5 and 7 incorporate claim 1 with the words, "A safety belt as recited in claim 1 * * *" Claim 6 is not in issue. Claim 8 probably has no claim for a common intersection, although the point is not material to our decision.

Appellant asserts that its patent is valid because it describes the first unsymmetrical, three-point, non-discretionary lap and shoulder harness for use in safely restraining a vehicle's occupants in the event of a collision. The term "unsymmetrical" is used by appellant to describe the belt's design, which provides for shoulder and lap elements that intersect at a common point located toward the side of the wearer that is opposite the shoulder over which the diagonal strap passes. The term "non-discretionary" is used by appellant to connote an asserted "must-be-worn" feature of appellant's device that precludes the wearer from electing between the shoulder and lap elements because both are inseparably attached. Appellant urges that it is these features that distinguish its device from the prior art. It should be noted that in none of the claims is there any specification of an "unsymmetrical belt" nor is there any claim concerning the asserted "non-discretionary" or "must-be-worn" feature. A patent is limited by its claims.

The prior art discloses: (1) a single lap restraining belt [SANDERS Patent No. 2,639,852 (not cited by the Patent Office)]; (2) a symmetrical or double shoulder harness [e.g., CARLISLE I Patent No. 2,365,625 (cited); WILSON Patent No. 2,576,867 (cited); MANSON Patent No. 2,275,450 (cited)]; (3) a single diagonal restraining belt [IRWIN Patent No. 1,971,264 (cited)]; (4) a combination of a symmetrical shoulder harness with a separate lap belt, the diagonal belts intersecting with the lap belt, designed for common use by all occupants of the front seat [LEVEAU (French) Patent No. 331,926 (not cited)]; and (5) a combination of a diagonal shoulder strap with a separate lap belt [DEHAVEN Patent No. 2,606,727 (not cited)]. It is clear that the component elements of appellant's device were present in the prior art. The prior art showed single and double diagonal shoulder belts, lap belts and common connecting means. Thus, appellant's "invention" must satisfy the stringent rule for patentability for devices that aggregate elements known to the prior art. *See,* Great Atl. & Pac. Tea Co. v. Supermarket Equip. Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162 (1950).

The district court found that the claims of appellant's patent were not limited to unsymmetrical harnesses or safety belts. Considering the pertinent prior art (particularly IRWIN, DEHAVEN, SANDERS and LEVEAU), the court held that the claims in issue would have been obvious to a person of ordinary skill in the art, and that appellant's device did not produce a novel or unexpected result. We cannot conclude that the court's findings as to invalidity were clearly erroneous.

We do not approve the trial court's findings that the "must-be-worn" feature was a proper element of the claimed invention. The court's references to this matter were in its findings concerning infringement. We do not reach the question of infringement.

Judgment is affirmed.